REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator:
This is in response to your request for an opinion dated January 16, 1985. In that letter you ask `How many votes would be required to pass a bill appropriating funds to pay a miscellaneous claim on behalf of the Commonwealth depositors.' You qualify this request with the assumptions that a separate bill for this claim will be introduced early in the session and that the emergency clause will not be adopted.
Your question revolves around the provisions of ArticleIV, Section 7, of the Nebraska Constitution which contains certain restrictions as to the number of votes required for appropriations in excess of the Governor's recommended budget. This section in its appropriate part reads as follows:
 At a time fixed by law, he shall present, by message, a complete itemized budget of the financial requirements of all departments, institutions and agencies of the state and a budget bill to be introduced by the Speaker of the Legislature at the request of the Governor. Said budget bill shall be prepared with such expert assistance and under such regulations as may be required by the Governor. No appropriations shall be made in excess of the recommendation contained in such budget including any amendment the Governor may make thereto unless by three-fifths vote of the Legislature, and such excess so approved shall be subject to veto by the Governor. (Emphasis added.)
Of course, if an appropriation bill does not come within the restrictions of this provision, it would require only 25 votes.
The issue then is whether such a bill would amount to an appropriation `in excess of the recommendation contained in such budget.' The answer to this question would appear to have been fairly well resolved in the case of Mekota v.State Board of Equalization and Assessment, 146 Neb. 370,19 N.W.2d 633 (1945). In that case the issue involved an appropriation for a new state agency created by the Legislature during that session, which in turn was not in existence at the time of the Governor's proposed budget. The court held that this appropriation did not come within the restrictions of Article IV, Section 7, of the Constitution. In so doing, the court reasoned as follows:
 Of course the Governor could not have, at the time his budget recommendations were required, made a recommendation of appropriation for the Department of Industrial Development and it does not seem reasonable that it was intended that the provision should be applicable to that which could not be anticipated but which was within the legislative prerogative.
Id. at 378-379. The court went on to explain this constitutional provisions as follows:
 Again it will be noted that the provision contains these words: `No appropriations shall be made in excess of the recommendation contained in such budget. . . .' The plural, `appropriations,' is used. This would imply a limitation upon increase of amounts named in the budget and required to be therein and not to matters which could not be contemplated or anticipated. It would also imply an intention that the limitation was to attach to named subjects of appropriation and not to appropriations generally.
Id. at 379.
Appropriations for miscellaneous claims are not part of the Governor's budget recommendations, as these are not part of the required on-going operations of state government, but rather are strictly within the legislative prerogative. Thus, such bills containing appropriations for miscellaneous claims would not be increases of appropriations for subjects listed in the Governor's budget and the restrictions of Article IV, Section 7, would not apply to such appropriations measures. Thus, such a bill would require only 25 votes for passage.
Finally, we must emphasize that this opinion is directed only towards the question of the number of votes required to pass an appropriation for a miscellaneous claim and it does not address any of the other legal or constitutional issues that may be involved in such a claim.
Sincerely,
A. EUGENE CRUMP Deputy Attorney General
John Boehm Assistant Attorney General